# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THERESIA COLLINS, | Case No. 1:17CV769 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **REPORT & RECOMMENDATION** |

Plaintiff, Theresia Collins ("Plaintiff"), filed a complaint challenging the final decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.* The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. For the reasons set forth below, I recommend that plaintiff's IFP application be DENIED.

## I. Relevant Background Information

On April 11, 2017, plaintiff filed a complaint challenging the February 14, 2017 final decision of the Commissioner denying her applications for disability insurance benefits. (Doc. 1) Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 2) In the affidavit and application to proceed without prepayment of fees, plaintiff states that her husband receives monthly income totaling $3,500.00. (Doc. 2) She represents that the monthly household

expenses total $2,952.91. (Doc. 2) She also represents that she and her husband own a home, have two vehicles and incur normal monthly expenses including expenses for food, clothing, laundry and dry cleaning and recreational expenses. After these expenses are deducted, plaintiff's household appears to have an approximate monthly surplus of over $500. Thus, plaintiff and her husband should have enough discretionary income to cover the cost of the filing fee in this case.

## II. Law & Analysis

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.* 21 F.App'x 239, 240 (6th Cir. 2001), citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2nd Cir. 1988). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.,* No. 10-31, 2010 WL 502781, *1, n. 1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.,* No. 12-CV-14424, 2012 WL 5457466, *2, (E.D. Mich. Oct. 16, 2012); *see also*, *Reynolds v. Crawford,* No.

1:01-cv-877, 2009 WL 3908911, *1 (S.D. Ohio Nov. 17, 2009) It is within the court's discretion whether to allow a litigant to proceed IFP. *Foster,* 21 Fed. Appx. at 240.

Here, plaintiff's application reflects that her spouse receives enough monthly income to cover the couples' basic expenses and that over $500.00 remains for other discretionary monthly expenses. It does not appear that plaintiff is unable to pay the filing fee in this case. Rather, it appears that this is a case where plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander,* 2012 WL 5457466 at *2. Based on the foregoing reasons, the undersigned finds that plaintiff is not eligible to proceed IFP in this case and recommends that the court DENY plaintiff's IFP application and require her to pay the filing fee.

Dated: April 14, 2017

Thomas M. Parker
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).