# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THERESIA COLLINS, | ) | CASE NO.1:17CV0769 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendant's Objection (ECF DKT #22) to the Report and Recommendation Decision of the Magistrate Judge (ECF DKT #21), recommending that the Court vacate and remand the Commissioner's decision denying Plaintiff's Claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. For the following reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation, VACATES the final decision of the Commissioner and REMANDS the matter for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four.

## I. BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) on April 24, 2014 alleging a disability onset date of December 3, 2013. The application was denied administratively. Plaintiff requested a hearing before an Administrative Law Judge (ALJ) and appeared on March 9, 2016. At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert.

The ALJ received medical evidence including, but not limited to: a written letter from

Plaintiff's primary treating physician, medical reports and examinations by the State agency consulting physician. The assessments included a physical residual functional capacity questionnaire and physical residual functional capacity test. The state agency reviewing physicians also evaluated Plaintiff's condition and contradicted Plaintiff's treating physician's[1] determination. ECF DKT #21, at 3-5.

Additionally, medical evidence was submitted from six of Plaintiff's treating physicians. On May 11, 2010, Dr. Tessman submitted a report entitled "Medical Evidence: EMG of Bilateral Upper Extremities." On December 19, 2013, Dr. Umeda submitted a report. On February 27, 2013, Dr. Thorton submitted a report. On October 6, 2014, Dr. Soha submitted a report entitled "Physical Therapy Functional Capacity Evaluation." On October 14, 2014, Dr. Lee submitted a report. On August 20, 2015, Dr. Syed submitted a report. On November 6, 2014, Dr. Kobaivanova submitted a report entitled, "Physical Residual Functional Capacity." On April 13, 2015, Dr. Kobaivanova submitted a report and letter entitled "Medical Report/General." On March 17, 2016, Dr. Kobaivanova submitted a report entitled "Physical RFC Assessment." All of the medical evidence by treating physicians indicated an impairment or impairments that would render Plaintiff unable to perform her previous job. ECF DKT #21, at 2-7.

On August 25, 2016, the ALJ found that Plaintiff was not disabled. The Appeals Counsel denied further review on February 14, 2017, and the ALJ's decision became the Commissioner's final decision. On April 11, 2017, Plaintiff filed her Complaint challenging the Commissioner's final decision under 42 U.S.C 405 (g), 42 U.S.C 1383 (c)(3). The

---

[1] Because of the nature of this case there is an extensive factual background. For a complete overview of Plaintiff's medical history, see Magistrate Judge Parker's Report and Recommendation.

Magistrate Judge issued a Report and Recommendation on March 30, 2018, recommending that the Court vacate and remand the Commissioner's decision for further proceedings on the Plaintiff's Claim for DIB, specifically for the ALJ to properly apply the treating physician rule and reevaluate Plaintiff's credibility.

The ALJ analyzed Plaintiff's disability under the five step evaluation set forth in 20 C.F.R § 404.1520(a)(4) and 416.920(a)(4). At step four of the analysis, the ALJ considered the Plaintiff's residual function to perform light work defined in 20 C.F.R § 404.1567(b), which was limited to such that the Plaintiff can never climb ladders, ropes or scaffolds; can frequently climb stairs, ramps and stoops; is limited to frequent bilateral handling and fingering; and could perform past relevant work as a computer electronic assembler as classified by the DOT. At step five, considering Plaintiff's age, education, work experience, residual functional capacity and job availability within the economy, the ALJ found that there were a significant number of jobs that existed in the national economy that Plaintiff could perform. The ALJ supported her findings with medical records, medical notes from February 29, 2016 by the Plaintiff's treating physician Dr. Kobaivanova, opinions from the state agency reviewing physicians Drs. Morton and Cacchillo, state agency consulting physician Dr. Bradford and vocational expert Dr. Marini. The ALJ gave little weight to the opinion of Plaintiff's primary treating physician, Dr. Kobaivanova.

## II. STANDARD OF REVIEW

**A. Civil Rule 72(b) Standard**

Under Fed. R. Civ. P. 72(b) and 28 U.S.C § 626, the district court is required to review *de novo* any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. Any party's failure to object in a timely manner to any aspect of the Report and Recommendation may waive the right to appeal. *U.S v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The district judge is not required to review the Magistrate Judge's factual or legal conclusions that are not objected to by either party, either under the *de novo* standard or any other standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Local Rule 72.3 (b) states in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or commit the matter to the Magistrate Judge with instructions.

**B. Standard of Review for Administrative Law Judge Findings**

The ALJ's findings in a social security hearing will be affirmed if supported by substantial evidence from the record and if the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

Substantial evidence is determined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 59 S. Ct. 206, 83 L. Ed. 126 (1938). "A decision must be upheld if the ALJ's findings and inferences

are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision." *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the ALJ decided the case using incorrect legal standards, a reversal is required unless the legal error was harmless. *See e.g. White v. Comm'r of Soc. Sec.* 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."). A district court may not uphold an ALJ's decision when the reasons given by the trier of fact do not build a logical and accurate bridge between the evidence and result. *Fleischer v. Astrue,* 774 F.Supp.2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir. 1996); *accord Shrader v. Astrue,* No. 11-13000, 2012 U.S. Dist. LEXIS 157595 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue,* No. 1:10-cv-734, 2011 U.S. Dist. LEXIS 141342 (S.D. Ohio Nov. 15, 2011); *Gilliams v. Astrue,* No. 2:10-CV-017, 2010 U.S. Dist. LEXIS 72346 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, No. 1:09-cv-1982, 2010, 2010 U.S. Dist. LEXIS 75321 (N.D. Ohio July 9, 2010). Requiring an accurate and logical bridge ensures that a claimant whose application has been denied understands why.

### III. LAW AND ANALYSIS

Plaintiff filed a Complaint seeking judicial review of the final decision of the Commissioner denying her application for DIB. The Magistrate Judge issued a Report and

Recommendation, recommending that the Court vacate and remand the final decision. Defendant responded, stating that the Magistrate Judge overlooked the ALJ's legitimate reasons for discounting Dr. Kobaivanova's opinion and that the ALJ properly evaluated Plaintiff's subjective statements. Therefore, "Defendant requests that this Court sustain her objections and affirm the final decision of the Commissioner." ECF DKT #22, at 1,6,9.

**A. Defendant's Objection With Respect to The Magistrate Judge Overlooking That The ALJ Provided "Good Reasons" for Discounting Plaintiff's Treating Physician Dr. Kobaivanova.**

In the Report and Recommendation, the Magistrate Judge held that the ALJ failed to provide an adequate explanation for her handling of Dr. Kobaivanova's opinion. Defendant objects to this conclusion.

Defendant bases the objection on the treating physician rule. Defendant argues that the Magistrate Judge erroneously found that the ALJ did not provide good reasons supported by evidence from the record as to the ALJ assigning little weight to Dr. Kobaivanova's opinion. ECF DKT #22, at 1-2. In considering the issue of the ALJ's "good reasons," the requirement is two-fold. First, there must be a sufficiently clear explanation. Second, the explanation "ensures that the ALJ applies the treating physician rule and permits meaningful, appellate review of the ALJ's application of the rule." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d at 242 (6th Cir. 2007) (quoting *Wilson* 378 F.3d at 544). The Report and Recommendation properly considered whether the ALJ violated the treating physician rule and found that she did. ECF DKT #21, at 19.

In considering the issue of the treating physician rule, the Sixth Circuit has held that:

> The conflicting substantial evidence must consist of more than
> the medical opinions of the non-treating and non-examining

> doctors. Otherwise, the treating physician rule would have no
> practical force because the treating source's opinion would have
> controlling weight only when the other sources agreed with that
> opinion. Such a rule would turn on its head the regulation's
> presumption of giving greater weight to the treating sources
> because the weight of such sources would hinge on their
> consistency with non-treating, non-examining sources.

*Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 377 (6th Cir. 2013). Thus, the issue is whether the ALJ identified satisfactory reasons for rejecting the opinion of the primary treating physician. The Magistrate Judge properly concluded on this issue:

> Even if good reasons existed to reject the treating physician's
> opinion, the ALJ failed to articulate those reasons with
> sufficient specificity to allow for meaningful review. The Court
> should reject the ALJ's determination regarding the treating
> source opinion. Had the ALJ assigned controlling weight to Dr.
> Kobaivanova's opinion instead of relying on the opinions from
> the state agency physicians, Collins's RFC determination would
> have been different. I recommend remand so that the ALJ can
> properly evaluate Dr. Kobaivanova's opinion.

ECF DKT #21, at 18. The Magistrate Judge identified that the ALJ provided inadequate reasons for rejecting the treating physician's opinion and relied on the opinions of the state agency physicians and two pages of the record to support her finding that Dr. Kobaivanova's opinion should be assigned little weight.

Defendant cites to *Gayheart*, *supra*, where the Sixth Circuit reversed a district court judgement upholding the ALJ's decision because the Sixth Circuit found that the ALJ failed to articulate adequate reasons for discounting the opinion of the Plaintiff's treating physician.

In *Gayheart,* the Sixth Circuit stated:

> The Commissioner is required to provide "good reasons" for
> discounting the weight given to a treating-source opinion. *Id.* §
> 404.1527(c)(2). These reasons must be "supported by the
> evidence in the case record, and must be sufficiently specific to

> make clear to any subsequent reviewers the weight the
> adjudicator gave to the treating source's medical opinion and the
> reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL
> 374188, at *5 (Soc. Sec. Admin. July 2, 1996).

*Id*. at 376.  As in *Gayheart,* the ALJ in this case failed to provide the specificity required by the provision.  The ALJ's conclusion cited in the Report refers to two pages of the medical record to support her finding that Dr. Kobaivanova's opinion was inconsistent with the record.  ECF DKT #21, at 16.  In her analysis, the ALJ came to the conclusion that little weight would be assigned to the treating physician based on the contradictory notes from February 29, 2016 and reference to another physician's diagnosis.  For example, Dr. Kobaivanova described Plaintiff's physical prognosis to be arthritis of the neck, shoulders and arms, and stated that this condition would limit her daily activities as well as employment responsibilities.  ECF DKT #21, at 5.

Additionally, Dr. Kobaivanova completed another physical residual functional capacity questionnaire.  She found originally that Plaintiff could only sit for 20 minutes before needing to change positions and the Plaintiff might need to lie down during her work shift.  She then found that Plaintiff could occasionally handle and could feel less than occasionally.  Dr. Kobaivanova wrote that Plaintiff "has neuropathy due to diabetes mellitus" and "carpal tunnel."  ECF DKT #21, at 5.  On the other hand, the ALJ specifically concluded that the treating physician's opinion carried little weight as the "degree of limitation opined was not consistent with the evidence as a whole as it relates to the claimant's overall function and course of treatment."  ECF DKT #21, at 10.  The ALJ cited medical notes from February 29, 2016 as her sole rationale:  "[Claimant] was negative for joint pain or swelling, back pain,

8

and muscle pain." ECF DKT #21, at 17. However, in the same notes Dr. Kobaivanova recorded that Plaintiff was "complaining of a lot of pain in her joints. Stiffness, pain and crepitus with turning her neck. She takes Motrin and it helps for a short period of time." ECF #21, at 17. The ALJ's lack of specific evidence from the record, failure to look at other medical notes and failure to acknowledge the discrepancy in those notes does not constitute "good reason" for assigning little weight to the treating physician's opinion. Therefore, the ALJ did not meet her burden and violated the treating physician rule from *Gayheart*.

**B. Defendant's Objection With Respect to Affirming That the ALJ Properly Evaluated Plaintiff's Subjective Statements**

In the Report and Recommendation, the Magistrate Judge held that the ALJ's evaluation of Plaintiff's statements was erroneous due to mischaracterizing Plaintiff's statements from the record. Defendant objects to this conclusion.

Defendant argues that the ALJ properly evaluated Plaintiff's subjective statements. The Magistrate Judge questions the reasons that the ALJ provided as to Plaintiff's credibility. Defendant argues that the ALJ had concerns about Plaintiff's testimony of disability due to her diabetes. ECF DKT #22 at, 7. Specifically, the ALJ rationalized that because Plaintiff was never hospitalized for her diabetes, Plaintiff's credibility was questionable. ECF DKT #22, at 6. Defendant fails to acknowledge that Plaintiff did not claim her diabetes was causing significant functional problems and that the lack of hospitalization for a chronic disease does not conflict with her statements about her day to day capabilities. The Magistrate Judge in part concludes that he would not "recommend remand on the basis of ALJ's credibility finding alone." However, the Magistrate Judge found that the ALJ did not

provide an adequate rationale for discounting Plaintiff's statements and seems to mischaracterize the statements from the record. ECF DKT #21, at 22. The ALJ used the lack of hospitalization for diabetes to undermine Plaintiff's credibility, but failed to address the fact that other impairments were affecting her daily performance.

Defendant contends that the ALJ appropriately considered Plaintiff's lack of treatment to discount Plaintiff's subjective statements. ECF DKT #22, at 7. Defendant cites the Social Security Rule that "the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints." SSR 96-7p, 1996 WL 374186, at *7. Further, Defendant emphasizes that the Magistrate Judge ignores that Plaintiff refused steroid injections. ECF DKT #22 at, 7. However, this is not entirely accurate. Plaintiff "declined" steroidal injections and, in the alternative, agreed to see an orthopedic surgeon. ECF #15, at 256. Additionally, Plaintiff did not want surgery due to a previous bad experience from a kidney removal surgery. ECF #21, at 7. Dr. Umeda suggested that Plaintiff had the choice of surgical intervention or non-surgical options such as physical therapy and steroidal injections. Plaintiff chose physical therapy and went to see an orthopedic surgeon. ECF #15, at 256. The ALJ relied upon certain isolated statements within the record as opposed to the entire record and statements from Plaintiff.

Defendant argues that Plaintiff's testimony is inconsistent with her stated daily abilities and that the ALJ was accurate in her credibility finding. ECF DKT #22, at 8. Defendant points to the statement from Plaintiff in regards to buttoning: "I can do it." ECF DKT #22, at 7. However, Plaintiff further stated that she can do it, but it is difficult for her and "it will take some time." ECF #15 at, 69. The Magistrate Judge correctly held that

credibility assessments are properly for the ALJ, not the Court. ECF DKT #21, at 22.

Additionally, Defendant contends that there is another credibility issue when the ALJ questioned Plaintiff as to how she lost her job and Plaintiff answered that she was laid off. ECF DKT #22, at 8. However, Defendant fails to note that Plaintiff in her disability report states that she stopped working because "of my condition(s)" and "because of other reasons." ECF DKT #21, at 21. In addition to this, Plaintiff believed she was laid off because she filed a workers' compensation claim and because her work was too slow due to the carpal tunnel in her hands. ECF DKT #21, at 22. This misinterpretation of the Plaintiff's testimony supports the Magistrate Judge's recommendation to reevaluate Plaintiff's credibility on remand.

## IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation, VACATES the final decision of the Commissioner and REMANDS the matter for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

Dated: July 11, 2018